IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY MORT,

        Plaintiff,                       No. CIV S-09-804 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.                <u>ORDER</u>

/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g).

/////

/////

/////

/////

1

I. <u>Factual and Procedural Background</u>

In a decision dated January 23, 2007, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of degenerative knee changes, obesity, diabetes, cuboid subluxation of the right foot, and history of bilateral inguinal hernia surgeries, but these impairments do not meet or medically equal a listed impairment; plaintiff can perform light work and can sit six of eight hours with normal breaks and requires a sit/stand option not requiring leaving the work stations, no climbing ladder/ropes/scaffolds, crawling or concentrated exposure to extreme cold, and occasional

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 <u>et seq</u>. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 <u>et seq</u>. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. <u>See</u> 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id</u>.

1  stooping, kneeling, crouching or exposure to vibration; plaintiff is not totally credible; plaintiff
2  cannot perform his past relevant work; based on the testimony of a vocational expert, there are a
3  significant number of jobs in the national economy plaintiff can perform; and plaintiff is not
4  disabled.  Administrative Transcript ("AT") 20-25.  Plaintiff contends the ALJ failed to set forth
5  an adequate basis for the determination that there were other jobs plaintiff could perform.[2]
6  II.  Standard of Review
7          The court reviews the Commissioner's decision to determine whether (1) it is
8  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the
9  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing
10 Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
11 Substantial evidence means more than a mere scintilla of evidence, but less than a
12 preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
13 Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a
14 reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402
15 U.S. 389, 402 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).
16 The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir.
17 1986), and both the evidence that supports and the evidence that detracts from the ALJ's
18 conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may
19 not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.;
20 see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports

---

[2] Plaintiff also contends the ALJ improperly rejected the opinion of his treating physician, Dr. Bedi.  AT 315-318.  Although the ALJ improperly failed to accord Dr. Bedi treating physician status, the court finds no error in the weight assigned by the ALJ to the opinion of this doctor.  The ALJ correctly noted that Dr. Bedi did not perform a comprehensive physical examination of plaintiff and, after accurately summarizing the medical records, appropriately concluded Dr. Bedi's limitations were unsupported by objective evidence.  AT 22-24, 304-306, 360-361.  See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion properly rejected).

the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

Plaintiff contends the ALJ did not set forth a proper evidentiary foundation for the finding under step five of the sequential evaluation that there were other jobs in the national economy plaintiff could perform. Under Social Security Ruling ("SSR") 82-41,[3] transferability of skills is at issue when a plaintiff has severe impairments that are not presumptively disabling but has a residual functional capacity that prevents the performance of past relevant work that was skilled or semiskilled. When the issue of transferability of skills must be decided, the ALJ must set forth specific findings of fact including identification of the acquired work skills that are transferable. SSR 82-41. These findings are required even where the ALJ relies on the testimony of a vocational expert. See Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1223-27 (9th Cir. 2009).

The ALJ specifically found that transferability of job skills was not material to the determination of disability. AT 25. This finding was in error. Transferability was not at issue only if the ALJ was relying exclusively on the Medical-Vocational Guidelines.[4] See Rules

---

[3] Social Security Rulings "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). Social Security Rulings are "binding on all components of the Social Security Administration." Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984); cf. Silveira v. Apfel, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings ... unless they are plainly erroneous or inconsistent with the Act or regulations").

[4] The Medical-Vocational Guidelines ("the grids") are in table form. The tables present various combinations of factors the ALJ must consider in determining whether other work is available. See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring). The factors include residual functional capacity, age, education, and work experience. For each combination, the grids direct a finding of either "disabled" or "not disabled." There are limits on using the grids, an administrative tool to resolve individual claims that fall into standardized patterns:

202.14, 202.21 (under grid rules, plaintiff would be considered not disabled even with no transferable skills). However, the ALJ expressly acknowledged that plaintiff had nonexertional limitations, which eroded the occupational base, and that vocational expert testimony was required. AT 25. The vocational expert identified all of plaintiff's past relevant work as being skilled. AT 364. In posing the hypothetical to the vocational expert, the ALJ did not identify any transferable skills nor did the vocational expert do so in describing jobs available to plaintiff. AT 364-365. The ALJ set forth no findings of fact on this issue in his decision. AT 25. Plaintiff's past relevant work included mechanic, truck driver, logging truck driver, diesel mechanic and lawn service worker. AT 364. The jobs relied on by the ALJ at step five were dispatcher, data entry clerk and billing clerk, all of which were designated as semiskilled jobs. AT 25, 364-365. No explanation is provided, however, as to which skills plaintiff had acquired as a truck driver or mechanic that would be transferable to these semiskilled jobs. As such, this matter must be remanded for findings on this issue.

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is denied; and

3. This matter is remanded for further proceedings consistent with this order.

DATED: September 30, 2009.

_____
U.S. MAGISTRATE JUDGE

006/mort.ss

---

"[T]he ALJ may apply [the grids] in lieu of taking the testimony of a vocational expert only when the grids accurately and completely describe the claimant's abilities and limitations." Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5, 103 S. Ct. 1952, 1955 n.5 (1983).